```
1  JOHN H. DONBOLI (SBN: 205218)
   JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
   322 Eighth Street, Suite 105
3  Del Mar, CA 92014
   Telephone: (858) 793-6244
4  Facsimile: (858) 793-6005

5  Attorneys for Plaintiff: JEFFREY SEALS and
   all others similarly situated
```

FILED
2008 AUG 15 PM 3:29
'08 CV 1500 DMS CAB
BY _____ DEPUTY

'08 CV 1500 DMS CAB

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SEALS, an individual, | CASE NO. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES FOR:** |
| TIME WARNER CABLE INC., a Delaware Corporation, and DOES 1 through 100, inclusive, | (1) **VIOLATIONS OF FEDERAL SHERMAN ACT (15 U.S.C. § 1 *ET SEQ.*), AND** |
| Defendants. | (2) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET SEQ.* (CALIFORNIA UNFAIR COMPETITION LAW)** |
| | **REQUEST FOR JURY TRIAL [FRCP 38]** |

Plaintiff JEFFREY SEALS ("Plaintiff"), as an individual and on behalf of all others similarly situated, by his undersigned attorneys, alleges as follows based on information and belief:

### INTRODUCTION

1. In 1996, the United States Congress determined that cable companies should allow consumer electronics manufacturers to make set-top equipment that would work with any cable or direct-broadcast satellite service. Congress determined that rather than leasing or renting the technology, consumers could buy such equipment from multichannel video program

---
**CLASS ACTION COMPLAINT FOR DAMAGES**

1 | distributors.

2. In support of this stated goal, Congress authorized regulations in 1996 to ensure that equipment used to access multichannel video programming would be available at retail from entities unaffiliated with cable or direct broadcast satellite service operators.

3. In 1998, the FCC directed the cable industry to develop a physical device ("CableCard") that would contain security functions that could be inserted into the equipment of independent manufacturers.

4. The FCC set a deadline of January 2005 for cable operators to integrate the CableCard technology into their systems. The January 2005 deadline was continued to July 1, 2006 and then again continued to July 1, 2007.

5. Notwithstanding the FCC regulations, Time Warner continues to promote its cable box as superior to the CableCard and informs its customers that the CableCard is not available for customers who wish to take advantage of Time Warner's premium cable channel services. Furthermore, Time Warner does not offer the low cost cable boxes for sale to its customers. Essentially, to receive all of Time Warner's services, customers are required to rent or lease a cable box from Time Warner as opposed to simply offering its customers the option of purchasing the relatively low cost cable box and/or providing a CableCard.

6. Plaintiff, on behalf of himself and the putative class of individuals who were forced to pay rental or leasing fees to Time Warner for cable boxes and who obtained premium cable services from Time Warner. Plaintiff and putative class members also seek an order declaring that Time Warner violated federal antitrust laws by way of this unlawful tying arrangement, which is a violation of both federal and California law, as fully detailed below.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Plaintiff's claims asserted herein arose in this judicial district and defendant TIME WARNER CABLE INC. ("Time Warner") conducts business in this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c) in that

-1-

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  this is the judicial district in which a substantial part of the acts and omissions giving rise to the
2  claims occurred.

3  **PARTIES**

4      10.    Plaintiff, JEFFREY SEALS, is and at all times relevant hereto was a resident of
5  the State of California and the County of San Diego. On or about August 1, 2008, Plaintiff
6  contacted Time Warner to complain about this unlawful tying agreement. Upon requesting
7  alternatives to renting or leasing his cable boxes, Plaintiff was told that he **must** rent or lease the
8  cable boxes directly from Time Warner. Furthermore, Plaintiff was told he could not purchase
9  Time Warner's cable boxes as they were not for sale. Plaintiff was also specifically informed
10 that he did not have the option of purchasing his own cable box from a third-party manufacturers
11 or of obtaining a CableCard from Time Warner to view premium cable programming.

12     11.    Defendant Time Warner is a corporation organized and existing under the laws of
13 the State of Delaware. Time Warner is registered with the California Secretary of State as "Time
14 Warner Cable LLC" and can be served at 290 Harbor Drive, Stamford, CT 06902-6732; Tel:
15 (203) 328-0600. Time Warner's corporate headquarter is located at One Time Warner Center,
16 North Tower, 17th Floor, New York, NY 10019. Time Warner provides, among other things:
17 (1) video service through analog transmissions; (2) a digital and analog transmissions; (3) video
18 service via digital transmissions; (4) on-demand services, including enhanced television services,
19 set-top boxes equipped with digital video recorders, and high-definition television programming;
20 (5) video programming; (6) data services; and (7) Internet access. As of December 31, 2007,
21 Time Warner served approximately 14.6 million customers primarily in the State of New York,
22 the Carolinas, Ohio, southern California, and Texas. Time Warner Cable Inc. is a subsidiary of
23 Time Warner, Inc.

24     12.    Plaintiff does not know the true names and capacities of defendants sued herein as
25 DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.
26 Plaintiff is informed and believes that each of the DOE defendants was in some manner legally
27 responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend
28 this Complaint to set forth the true names and capacities of these defendants when they have

1 been ascertained, along with appropriate charging allegations. Time Warner and DOES 1
2 through 100 are collectively hereinafter referred to as "Defendants."

3     13.    At all times mentioned in this Complaint, Defendants and each of them were the
4 agents, employees, joint venturer, and or partners of each other and were acting within the course
5 and scope of such agency, employment, joint venturer and or partnership relationship and or each
6 of the Defendants ratified and or authorized the conduct of each of the other Defendants.

## CLASS ACTION ALLEGATIONS

8     14.    Plaintiff brings this class action on behalf of himself and all other persons
9 similarly situated pursuant to Rules 23(a) and 23(b)(1) - 23(b)(3) of the Federal Rules of Civil
10 Procedure.

11     15.    The class which Plaintiff seeks to represent is defined as:  All persons in
12 California who purchased premium cable services from Time Warner and who paid a monthly
13 fee to rent and/or lease a cable box from Time Warner (hereinafter the "PLAINTIFF CLASS").

14     16.    Excluded from the PLAINTIFF CLASS are Defendants and their directors,
15 officers, employees, attorneys; any judicial officer presiding over this matter including his or her
16 judicial staff and family members; Plaintiff's attorneys and Plaintiff's attorneys' immediate
17 family members and staff.

18     17.    <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)):  The PLAINTIFF CLASS is so numerous
19 that joinder of all individual members in one action would be impracticable. The disposition of
20 their claims through this class action will benefit both the parties and this Court.

21     18.    Plaintiff is informed and believes and thereon alleges that there are, at a
22 minimum, more than one hundred thousand (i.e. 100,000 or more) members that comprise the
23 PLAINTIFF CLASS.

24     19.    The exact size of the PLAINTIFF CLASS and identities of individual members
25 thereof are ascertainable through Defendants' records, including but not limited to Defendants'
26 monthly billing records.

27     20.    Members of the PLAINTIFF CLASS may be notified of the pendency of this
28 action by techniques and forms commonly used in class actions, such as by published notice, e-

mail notice, website notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

21.  <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)):  Plaintiff's claims are typical of the claims of the entire PLAINTIFF CLASS.  The claims of Plaintiff and members of the PLAINTIFF CLASS are based on the same legal theories and arise from the same unlawful conduct.

22.  Plaintiff and members of the PLAINTIFF CLASS are or were Defendants' customers, each having purchased premium cable services from Defendants from July 1, 2007 through the present and who paid monies to Defendants' to rent or lease a cable box.

23.  <u>Common Questions of Fact and Law</u> (Fed. R. Civ. P. 23(a)(2) and b(3)):  There is a well-defined community of interest and common questions of fact and law affecting the members of the PLAINTIFF CLASS.

24.  The questions of fact and law common to the PLAINTIFF CLASS predominate over questions which may affect individual members and include the following:

    (a)  Whether Defendants' conduct, as set forth herein, constitutes an illegal tying arrangement in violation of federal antitrust law;

    (b)  Whether Defendants' conduct, as set forth herein, constitutes an illegal tying arrangement in violation of California's Unfair Competition Law;

    (c)  Whether Defendants' conduct, as set forth herein, injured members of the PLAINTIFF CLASS;

    (d)  Whether Plaintiff and the PLAINTIFF CLASS are entitled to damages, including treble damages, recovery of costs and/or reasonable attorneys' fees based on Defendants' conduct as alleged herein.

25.  <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the PLAINTIFF CLASS because his interests do not conflict with the interests of the PLAINTIFF CLASS which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the PLAINTIFF CLASS and has no interests antagonistic to the PLAINTIFF CLASS.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

26. <u>Superiority</u> (Fed. R. Civ. P. 23(a)(1) and 23(b)(3)): A class action is superior to other available means for the fair and efficient adjudication of the claims of the PLAINTIFF CLASS. While the aggregate damages which may be and if awarded to the PLAINTIFF CLASS are likely to be in the millions of dollars, the actual damages suffered by individual members of the PLAINTIFF CLASS are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the PLAINTIFF CLASS to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the PLAINTIFF CLASS in California. The likelihood of individual PLAINTIFF CLASS members prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the PLAINTIFF CLASS. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF

**(Violation of the Sherman Antitrust Act on Behalf of Plaintiff and PLAINTIFF CLASS as against all Defendants including DOES 1 through 100)**

27. Plaintiff hereby incorporates by reference allegations contained in paragraph 1 through 26 of this Complaint.

28. Section 1 of the Sherman Act provides as follows:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof,

> shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

15 U.S.C. § 1.

29. Section 2 of the Sherman Act provides as follows:

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.

15 U.S.C. § 2.

30. Plaintiff asserts these claims on behalf of himself and the PLAINTIF CLASS against Defendants and each of them.

31. Time Warner has a monopoly in various areas of California, including Southern California because members of the PLAINTIFF CLASS have no choice but to contract with Time Warner for cable television services if they live in certain geographic areas.

32. Time Warner requires its customers who elect to receive premium cable programming to pay a monthly rental or leasing fee to Time Warner for a cable box. The premium Time Warner cable television programming cannot be viewed by Time Warner customers without the use of Time Warner's cable box.

33. Time Warner customers are not provided with any alternative options in this regards, such as obtaining a CableCard, using a TIVO-brand cable box, or purchasing the cable box directly from Time Warner to avoid paying the monthly rental or leasing fees. In effect, Time Warner ties the obtaining of premium cable services to the rental of cable boxes in violation of federal and California law.

34. Time Warner generates tens of millions of dollars in revenue by forcing its

-6-

1 customers to rent or lease the cable box from it. Time Warner could simply sell the cable boxes to its customers, but elects not to do so to generate the unlawful revenues detailed herein.

35. Time Warner's activities in this regard involve interstate commerce and any unlawful restriction of interstate commerce is deemed violative of the Sherman Act.

36. The Sherman Act makes it unlawful to enter into a contract in restraint of trade or commerce. Plaintiff and members of the PLAINTIFF CLASS have a private right of action to enforce the provisions of the Sherman Act. As such, Plaintiff and members of the PLAINTIFF CLASS seek direct redress from Time Warner for its violations of the Sherman Act.

37. Time Warner's improper tying arrangement between obtaining premium cable programming and renting or leasing the cable box harms competition given Time Warner's status as a monopoly in various geographic regions of California. This is an unreasonable restraint of trade that is unlawful *per se* pursuant to Section 1 of the Sherman Act.

38. Time Warner could easily elect *not* to bundle its premium cable programming with the renting or leasing of the cable boxes; however, it apparently elects to implement this unlawful tying arrangement for the sole purpose of increasing its revenues to the detriment of Plaintiff and members of the PLAINTIFF CLASS.

39. There is no reasonable business justification for Time Warner's action except to increase its revenues.

40. As a result of Defendants' willful violations of the Sherman Act, Defendants are liable for damages, which should be trebled by this Court, as fully permitted by the Sherman Act

41. Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in the above-detailed unlawful conduct.

**SECOND CLAIM FOR RELIEF**

**(Violation of California Unfair Competition Law (California Business & Professions Code § 17200 et seq.) on Behalf of Plaintiff and PLAINTIFF CLASS as against all Defendants including DOES 1 through 100)**

42. Plaintiff hereby incorporates by reference allegations contained in paragraph 1 through 41 of this Complaint.

43. Business & Professions Code section 17200 *et seq.* provides that unfair

competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

44. By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code section 17200 *et seq*. Beginning at an exact date unknown as yet and continuing up through the present Defendants committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of business & professions code section 17200 *et seq*., by engaging in the unlawful tying arrangements detailed herein.

   a. In addition, beginning at an exact date unknown as yet and continuing up through the present Defendant committed additional acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code Section 17200 et seq., by engaging in the unlawful tying arrangements detailed herein that are violative of the Sherman Act and regulations of the FCC.

45. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition that are prohibited by Business and Professions Code section 17200 *et seq*. Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threatens an incipient violation of law, or violates the policy or spirit of laws because its effects are comparable to or the same as a violation of the law by engaging in the unlawful tying arrangements detailed herein.

   a. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far outweighed by the harm done to consumers and public policy by engaging in the unlawful tying arrangements detailed herein.

   b. Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoid by engaging in the unlawful tying arrangements detailed herein.

46. Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business and Professions Code section 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code section 17200 *et seq.*, by engaging in the unlawful tying arrangements detailed herein.

47. Defendants engaged in these unlawful, unfair and fraudulent business practices for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendants.

48. As a result of the repeated violations described herein, Defendants received and continue to receive unearned commercial benefits at the expense of their competitors and the public.

49. Defendants' unlawful, unfair and fraudulent business practices presents a continuing threat to the public in that Defendants continue to engage in illegal conduct.

50. Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 *et seq.* Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

51. As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who provided money to Defendants based on Defendants' unlawful tying arrangement.

52. Plaintiff and members of the PLAINTIFF CLASS suffered an "actual injury"

because their money was taken by Defendants as a result of Defendants' unlawful tying arrangements.

53. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

### REQUEST FOR JURY TRIAL

54. Plaintiff respectfully demands a trial by jury on all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

1. An order certifying the PLAINTIFF CLASS and appointing Plaintiff as the representative of the PLAINTIFF CLASS, and appointing the law firm representing Plaintiff as counsel for the PLAINTIFF CLASS;

2. An order declaring Defendants engaged in illegal tying arrangement for the purpose of creating or carrying out unreasonable restrictions in interstate trade or commerce, in violation of 15 U.S.C. § 1 *et seq.* and that Plaintiff and the Plaintiff Class have thereby been injured in their business or property;

3. An order enjoining Time Warner from illegally tying the obtaining of premium cable programming to the renting or leasing of Time Warner's cable boxes;

4. An order that Plaintiff and members of the Plaintiff Class shall recover their actual damages, in an amount to be determined at trial, and said amount to trebled pursuant to 15 U.S.C. § 15;

5. An order that Plaintiff and members of the Plaintiff Class shall recover their reasonable attorneys' fees and costs of suit;

6. An order that Plaintiff and members of the Plaintiff Class recover pre-judgment and post-judgment interest on the above sums at the highest rate allowed by law; and

7. An order that Plaintiff and members of the Plaintiff Class be granted such other

///

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  and further relief as this Court deems to be just and equitable.

2  Dated: August 15, 2008                Respectfully submitted,

DEL MAR LAW GROUP, LLP

By:_____
John H. Donboli
Email: jdonboli@delmarlawgroup.com
JL Sean Slattery
Email: sslattery@delmarlawgroup.com
Counsel for Plaintiff: JEFFREY SEALS and all others similarly situated

| | |
|---|---|
| 1<br>2<br>3<br>4 | JOHN H. DONBOLI (SBN: 205218)<br>JL SEAN SLATTERY (SBN: 210965)<br>DEL MAR LAW GROUP, LLP<br>322 Eighth Street, Suite 105<br>Del Mar, CA 92014<br>Telephone: (858) 793-6244<br>Facsimile: (858) 793-6005 |
| 5 | Attorneys for Plaintiff: JEFFREY SEALS and all others similarly situated |

```
FILED
2008 AUG 15  PM 3:29
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:_____DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SEALS, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>TIME WARNER CABLE INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>            Defendants. | CASE NO. '08 CV 1500 DMS CAB<br><br>**CLASS ACTION**<br><br>**NOTICE OF INTERESTED PARTIES** |

1   TO THE COURT AND ALL PARTIES APPEARING OF RECORD:

2   PLEASE TAKE NOTICE that the following parties have a direct pecuniary interest in

3   the outcome of this case:

| PARTY | CONNECTION |
|---|---|
| Jeffrey Seals | Plaintiff |
| Time Warner Cable Inc. | Defendant |

Dated: August 15, 2008            DEL MAR LAW GROUP, LLP

By:_____
John H. Donboli
JL Sean Slattery
Counsel for Plaintiff: JEFFREY SEALS and
all others similarly situated

-1-

CLASS ACTION COMPLAINT FOR DAMAGES

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| | FILED 2008 AUG 15 PM 3:29 CLERK US DIST SOUTHERN DISTRICT OF CALIFORNIA |
| (b) County of Residence of First Listed Plaintiff  San Diego (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  Delaware (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. _____DEPUTY |
| (c) Attorney's (Firm Name, Address, and Telephone Number) John H. Donboli, DEL MAR LAW GROUP, 322 8th St., Suite 105 Del Mar, CA 92014, (858) 793-6244 | Attorneys (If Known) '08 CV 1500 DMS CAB |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1 et seq

Brief description of cause:
Time Warner is violating federal antitrust law by use of an illegal tying agreement.

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  08/15/2008    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 54114   AMOUNT $350.00   APPLYING IFP   JUDGE   MAG. JUDGE

TD 08/15/08



```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       #  154114     -  MB

        August 15, 2008
           15:29:51

         Civ Fil Non-Pris
USAO #.: 08CV1500 CIVIL FILING
Judge..: DANA M SABRAW
Amount.:                  $350.00 CK
Check#.: BC2632



       Total->   $350.00


FROM: 08CV1500 CIVIL FILING
```